# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Wayne Patterson,**
**Petitioner Below, Petitioner**

**FILED**

March 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 11-1666** (Kanawha County 11-C-1211)

**Danaya Steiner (aka Danaya Reid), Joe Steiner,**
**and Jaime T. Adkins, Respondents Below,**
**Respondents**

## MEMORANDUM DECISION

Petitioner Wayne Patterson, *pro se*, appeals the circuit court's order, entered August 22, 2011, dismissing his petition for summary relief for wrongful occupation of residential rental property. Respondents Danaya Steiner (aka Danaya Reid), Joe Steiner, and Jaime T. Adkins, *pro se*, failed to file a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a petition for summary relief in the magistrate court pursuant to West Virginia Code §§ 55-3A-1, *et seq.*, demanding possession of real property located at 825 Barrett Drive, South Charleston, West Virginia 25309.[1] Petitioner indicated in his petition that he was the "owner" of the property, and alleged that respondents were engaged in the unauthorized occupation of the property. Petitioner also alleged that they had damaged the property.

Respondents removed the action to the circuit court. The circuit court conducted a hearing on petitioner's petition on August 4, 2011. In an order entered August 22, 2011, the circuit court ruled as follows:

---

[1] West Virginia Code §§ 55-3A-1, *et seq.*, provide remedies for wrongful occupation of residential rental property.

1

Petitioner's petition for Wrongful Occupation of the premises is hereby dismissed with prejudice.[2]

Petitioner, as Administrator of the Estate of Josephine Patterson,[3] shall be afforded access to the premises for a single inspection to be performed at a reasonable time and without breach of the peace. Petitioner shall arrange for his inspection through Counsel for Respondents[4] which may entail monitoring by law enforcement officials to ensure there be no breach of the peace.

Respondents[5] shall permit Petitioner, as Administrator of decedent's estate, access to the storage facility where the household goods and furnishings of the decedent are now stored. Likewise, subject to the terms of any contract with the storage facility for the use thereof, Respondents shall assign their rental contract or right of use of the storage facility to the Petitioner, as Administrator of the estate and Petitioner, as Administrator, shall accept the same. Rents for use of the storage facility payable after the date of said assignment shall be the responsibility of the Petitioner, as Administrator of Decedent's estate.

Petitioner shall not terminate or interfere with the provision of utility services provided to the premises which were or may be subscribed or contracted for by the Respondents. The Respondents shall be responsible for the payment of all utility services consumed by them upon the premises.

The Respondents shall be permitted to remain in the possession of the premises, without interference by Petitioner, until agreement for continued occupancy or disposition of the premises is made by all heirs of the decedent, or until further order of this court, whichever event may sooner occur.

---

[2] Earlier in its order, the circuit court found that "[t]he Petitioner, as Administrator of the estate of the decedent, Josephine Patterson, is not entitled to title or possession of the real property of the Decedent[;] rather, the same descended to her heirs at law aforesaid."

[3] Petitioner is also an heir at law of Josephine Patterson, his mother, along with George Patterson, Gail Reid, Alzerita Murlin, his brother and sisters.

[4] Respondents had legal representation during the proceedings below.

[5] According to an affidavit of Alzerita Murlin dated July 20, 2011, two of respondents, Danaya Steiner and her husband Joe Steiner, are relatives of Josephine Patterson's heirs at law. Ms. Murlin stated that Ms. and Mr. Steiner had her and Gail Reid's authorization to reside at the premises.

Petitioner filed motions to reconsider, which motions the circuit court denied in orders entered August 22, 2011, and November 3, 2011, respectively. In its first such order, the circuit court "advise[d] the [petitioner] he can refile an action as an 'owner' of the property located at 825 Barrett [Drive], South Charleston, West Virginia, if plaintiff believes that to be true." Petitioner now appeals.[6]

The circuit court's dismissal of petitioner's petition is reviewed *de novo*. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). Petitioner argues that he satisfied the requirements of § 55-3A-1 to be entitled to summary relief under West Virginia Code §§ 55-3A-1, *et seq.* Petitioner states that he is a tenant in common/co-owner of the premises.[7]

Even assuming *arguendo* petitioner would be able to bring a petition pursuant to §§ 55-3A-1, *et seq.*, as an heir at law, as opposed to being the administrator, the circuit court's order denying his petition indicates that he would not be able to prove his case. "Under W. Va. Code § 55-3A-1(a), a landlord may bring a summary eviction proceeding when 'the tenant is wrongfully occupying such property in that the tenant is in arrears in the payment of rent, has breached a warranty or a leasehold covenant, or has deliberately or negligently damaged the property or knowingly permitted another person to do so[.]'" *Napier v. Napier*, 211 W.Va. 208, 214, 564 S.E.2d 418, 424 (2002). In the case at bar, petitioner alleged unauthorized occupation and property damage. However, the circuit court found that respondents "were in occupancy of the premises at the request and invitation of Gail Reid and Alzerita Murlin, two of the heirs of the Decedent and their occupation was and is lawful." The circuit court's order also indicates that respondents were not likely to have committed property damage in that the order noted that they treated Josephine Patterson's personal property with due care.[8] There is no evidence that respondents treated the real

---

[6] On May 1, 2012, petitioner filed a motion for judgment after respondents failed to file a response to his appeal within the time specified in this Court's scheduling order. This Court thereafter entered an amended scheduling order on May 9, 2012, directing respondents to file a response "within <u>twenty days</u> of the date of this order (emphasis in original)." Respondents still failed to file a response. Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, this Court will assume that the respondent agrees with petitioner's view of the issue. However, as set forth below, petitioner's brief and a review of the record have failed to convince the Court that reversal is appropriate. Accordingly, the Court declines to rule in petitioner's favor simply because respondents failed to file a response. *See*, *e.g.*, Syl. Pt. 8, *State v. Julius* 185 W.Va. 422, 408 S.E.2d 1 (1991) ("This Court is not obligated to accept the State's confession of error in a criminal case. We will do so when, after a proper analysis, we believe error occurred.").

[7] *See* Syl. Pt. 3, *Voss v. King*, 33 W.Va. 236, 10 S.E. 402 (1889) ("One joint tenant or tenant in common may, in an action of unlawful detainer, recover the possession of the whole land, without joining his cotenant in the action.").

[8] The circuit court found that "[t]he household goods and other personal property of the Decedent

3

property with less care. Therefore, after careful consideration, this Court concludes that the circuit court did not err in dismissing petitioner's petition pursuant to §§ 55-3A-1, *et seq.*

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm its order, entered August 22, 2011, denying petitioner's petition for summary relief for wrongful occupation of residential rental property.

Affirmed.

**ISSUED:** March 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

formerly situate in the premises were removed by Respondents and placed into a secured storage facility prior to the institution of this action."